IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>v.<br><br>JOHN HATCHETT CARNEY, individually and doing business as JOHN H. CARNEY & ASSOCIATES, NORMA L. CARNEY, AS TRUSTEE OF THE HATCHETT TRUST, THE JOHN HATCHETT CARNEY TRUST, AND THE JOHN HENRY CARNEY TRUST; PETER HATCHETT GRYSKA, PAUL VONRYLL GRYSKA, JOHN SCOTT GRYSKA, and ALEXANDER GRYSKA,<br>        Defendants. | )<br>)<br>)<br>)   CASE NO. 3:12-cv-3431<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AGREED JUDGMENT BETWEEN UNITED STATES OF AMERICA, JOHN HATCHETT CARNEY, INDIVIDUALLY AND DOING BUSINESS AS JOHN H. CARNEY & ASSOCIATES, and NORMA L. CARNEY, AS TRUSTEE OF THE HATCHETT TRUST, THE JOHN HATCHETT CARNEY TRUST, and THE JOHN HENRY CARNEY TRUST

United States of America, John Hatchett Carney, individually and doing business as John H. Carney & Associates, and Norma L. Carney, as Trustee of the Hatchett Trust, the John Hatchett Carney Trust, and the John Henry Carney Trust, and Peter Hatchett Gryska, Paul Vonryll Gryska, John Scott Gryska, and Alexander Gryska ("the Gryskas") announce to the Court that they have settled the above-referenced case between them on the terms set forth in this Agreed Judgment. Therefore,

IT IS ORDERED that Defendant John Hatchett Carney is indebted to the United States of America in the amount of $5,727,241.81 as of October 1, 2014, plus interest and statutory additions thereon until paid, for his federal income, employment, and unemployment tax for the following tax periods and amounts:

373318.1

Individual Liabilities through 10/01/2014:

| Type of Tax | Tax Period | Assessment Date | Assessed Balance | Unassessed Accrued Interest | Unassessed Accrued Penalty | Total |
|---|---|---|---|---|---|---|
| 1040 | 2001 | 11/25/02 | $25,867.86 | $18,870.05 | $0.00 | $44,737.91 |
| 1040 | 2002 | 11/17/03 | $60,288.66 | $36,211.45 | $0.00 | $96,500.11 |
| 1040 | 2003 | 12/06/04 | $30,419.33 | $16,299.55 | $0.00 | $46,718.88 |
| 1040 | 2004 | 11/14/05 | $86,563.03 | $42,682.03 | $0.00 | $129,245.06 |
| 1040 | 2005 | 11/13/06 | $19,509.77 | $7,316.04 | $0.00 | $26,825.81 |
| 1040 | 2006 | 03/31/08 | $67,747.08 | $17,394.76 | $0.00 | $85,141.84 |
| 1040 | 2007 | 11/24/08 | $58,085.13 | $12,656.15 | $1,071.67 | $71,812.95 |
| 1040 | 2008 | 12/07/09 | $8,606.87 | $1,512.20 | $1,066.65 | $11,185.72 |
| 1040 | 2009 | 12/06/10 08/06/12 | $65,297.34 | $4,355.15 | $1,315.59 | $70,968.08 |
| 1040 | 2010 | 11/28/11 | $52,893.89 | $4,705.56 | $10,225.74 | $67,825.19 |
| Individual Totals | | | $475,278.96 | $162,002.94 | $13,679.65 | $650,961.55 |

Sole Proprietor Liabilities through 10/01/2014:

| Type of Tax | Tax Period | Assessment Date | Assessed Balance | Unassessed Accrued Interest | Unassessed Accrued Penalty | Total |
|---|---|---|---|---|---|---|
| 941 | 06/30/00 | 05/24/04 | $20,587.88 | $13,652.06 | $0.00 | $34,239.94 |
| 941 | 09/30/00 | 05/24/04 | $33,747.97 | $22,036.88 | $625.90 | $56,410.75 |
| 941 | 12/31/00 | 05/24/04 | $40,300.45 | $26,315.32 | $1,096.25 | $67,712.02 |
| 941 | 03/31/01 | 06/28/04 | $46,769.37 | $30,172.34 | $1,555.53 | $78,497.24 |
| 941 | 06/30/01 | 06/28/04 | $47,947.88 | $30,932.42 | $2,042.08 | $80,922.38 |
| 941 | 09/30/01 | 06/28/04 | $44,299.30 | $28,578.43 | $2,316.80 | $75,194.53 |
| 941 | 12/31/01 | 06/28/04 | $49,420.72 | $31,882.18 | $3,084.42 | $84,387.32 |
| 941 | 03/31/02 | 06/28/04 | $71,029.45 | $45,822.06 | $5,174.46 | $122,025.97 |
| 941 | 06/30/02 | 06/28/04 | $68,321.45 | $44,074.84 | $5,722.73 | $118,119.02 |
| 941 | 09/30/02 | 06/28/04 | $84,050.11 | $54,221.17 | $7,997.14 | $146,268.42 |
| 941 | 12/31/02 | 06/28/04 | $85,148.13 | $54,929.09 | $9,107.02 | $149,184.24 |
| 941 | 03/31/03 | 06/28/04 | $107,058.53 | $69,063.09 | $12,746.25 | $188,867.87 |
| 941 | 06/30/03 | 06/28/04 | $89,954.39 | $58,028.86 | $11,846.65 | $159,829.90 |
| 941 | 09/30/03 | 06/28/04 | $85,759.94 | $55,322.69 | $12,414.19 | $153,496.82 |
| 941 | 12/31/03 | 06/28/04 | $81,812.79 | $52,774.11 | $14,318.61 | $148,905.51 |
| 941 | 03/31/04 | 07/12/04 | $38,559.42 | $24,771.98 | $7,671.48 | $71,002.88 |
| 941 | 06/30/04 | 09/20/04 | $76,473.28 | $48,167.70 | $15,533.89 | $140,174.87 |
| 941 | 09/30/04 | 11/22/04 | $57,528.52 | $35,447.51 | $11,774.70 | $104,750.73 |
| 941 | 12/31/04 | 03/21/05 | $4,242.05 | $2,505.12 | $0.00 | $6,747.17 |
| 941 | 03/31/05 | 07/04/05 | $44,947.25 | $25,322.84 | $8,563.76 | $78,833.85 |
| 941 | 06/30/05 | 10/10/05 | $68,932.04 | $37,079.28 | $13,657.65 | $119,668.97 |
| 941 | 09/30/05 | 01/02/06 | $37,342.86 | $19,170.75 | $6,811.21 | $63,324.82 |
| 941 | 12/31/05 | 03/27/06 | $44,576.61 | $21,804.82 | $9,052.68 | $75,434.11 |
| 941 | 03/31/06 | 07/31/06 | $85,315.77 | $37,481.95 | $0.00 | $122,797.72 |

Sole Proprietor Liabilities through 08/20/2012 (continued)

| Type of Tax | Tax Period | Assessment Date | Assessed Balance | Unassessed Accrued Interest | Unassessed Accrued Penalty | Total |
|---|---|---|---|---|---|---|
| 941 | 06/30/06 | 09/18/06 | $76,863.04 | $31,512.51 | $0.00 | $108,375.55 |
| 941 | 09/30/06 | 01/08/07 | $58,614.74 | $21,921.77 | $0.00 | $80,536.51 |
| 941 | 12/31/06 | 04/02/07 | $96,389.35 | $33,750.92 | $0.00 | $130,140.27 |
| 941 | 03/31/07 | 08/06/07 | $76,970.94 | $24,480.32 | $0.00 | $101,451.26 |
| 941 | 06/30/07 | 09/10/17 | $89,047.44 | $26,949.01 | $0.00 | $115,996.45 |
| 941 | 09/30/07 | 01/07/08 | $69,428.70 | $19,045.11 | $0.00 | $88,473.81 |
| 941 | 12/31/07 | 03/24/08 | $124,310.13 | $31,973.12 | $0.00 | $156,283.25 |
| 941 | 03/31/08 | 06/30/08 | $91,870.16 | $21,995.40 | $0.00 | $113,865.56 |
| 941 | 06/30/08 | 10/06/08 | $117,443.09 | $26,400.47 | $0.00 | $143,843.56 |
| 941 | 12/31/08 | 03/16/09 10/18/10 | $227,063.44 | $44,258.00 | $10,858.58 | $282,180.02 |
| 941 | 03/31/09 | 07/06/09 | $124,759.36 | $22,522.75 | $0.00 | $147,282.11 |
| 941 | 06/30/09 | 09/14/09 | $133,743.77 | $23,008.47 | $1,442.84 | $158,195.08 |
| 941 | 09/30/09 | 12/21/09 | $118,306.99 | $18,902.78 | $2,922.28 | $140,132.05 |
| 941 | 12/31/09 | 04/05/10 | $107,392.57 | $15,971.05 | $3,546.59 | $126,910.21 |
| 941 | 03/31/10 | 06/21/10 | $113,653.69 | $16,054.06 | $6,405.60 | $136,113.35 |
| 941 | 06/30/10 | 09/20/10 | $91,627.69 | $12,116.90 | $7,392.55 | $111,137.14 |
| 941 | 09/30/10 | 12/20/10 | $94,446.25 | $11,606.41 | $10,031.20 | $116,083.86 |
| 941 | 12/31/10 | 04/11/11 | $52,799.64 | $6,063.99 | $10,310.74 | $69,174.37 |
| 941 | 03/31/11 | 06/13/11 | $73,940.28 | $7,928.90 | $14,665.23 | $96,534.41 |
| 941 | 06/30/11 | 10/17/11 | $79,333.97 | $7,347.00 | $14,751.40 | $101,432.37 |
| 941 | 09/30/11 | 12/19/11 | $70,076.82 | $6,091.40 | $14,435.61 | $90,603.83 |
| 941 | 12/31/11 | 02/27/12 | $4,074.03 | $329.09 | $0.00 | $4,403.12 |
| 941 | 06/30/12 | 08/20/12 | $3,887.28 | $254.52 | $0.00 | $4,141.80 |
| 940 | 1999 | 05/17/04 03/06/06 | $3,713.48 | $1,648.38 | $391.52 | $5,753.38 |
| 940 | 2010 | 10/17/11 | $402.54 | $37.35 | $0.00 | $439.89 |
| | Business Totals | | $3,514,285.55 | $1,301,727.17 | $260,267.54 | $5,076,280.26 |
| | Overall Totals | | $3,989,564.51 | $1,463,730.11 | $273,947.19 | $5,727,241.81 |

IT IS FURTHER ORDERED that the Court finds that the United States has filed valid federal tax liens that encumber all property and interests in property of John Hatchett Carney, including, but not limited to, the real property located in Dallas County (the "Strait Lane residence") that has the following legal description:

> Being Lot 3, Block 8/6392 of HOCKADAY SQUARE, an addition to the City of Dallas, Dallas County, Texas, according to the Plat thereof recorded in Volume 31, Page 79, Map Records, Dallas County, Texas, and being more commonly referred to as 11484 Strait Lane, Dallas, Dallas County, Texas 75229; and

The United States' federal tax liens shall also attach to $500,000 which Norma Carney shall put into an escrow account. In consideration for this $500,000 being put into escrow, the United States' federal tax liens against John Hatchett Carney will not attach to the ranch land (including the mineral, oil and gas interests) in Callahan County, Texas described in paragraphs 31 - 39 of the United States' amended complaint.

IT IS FURTHER ORDERED that the United States of America has valid liens and nominee liens on the Strait Lane Residence and the Court orders the foreclosure of the liens of the United States. The Strait Lane Residence shall be sold by the Internal Revenue Service or by a receiver in accordance with the law and practice of this Court upon motion by the United States. After payment of reasonable costs of sale and any ad valorem taxes, the net sale proceeds shall be applied to the federal tax liabilities of John Hatchett Carney reduced to judgment herein.

IT IS FURTHER ORDERED that, during the time the Strait Lane Residence is being marketed for sale, John Hatchett Carney may reside on the property until it is sold or it becomes necessary for Carney to vacate the property (after being given no less than 30 days' notice of the United States' request for him to vacate the property) to allow the property to be sold, but in no event shall Carney reside on the property after June 1, 2015, or after the 30-day deadline to vacate given him by the United States, whichever is earlier, and the United States will be allowed to sell the property and its fixtures.

IT IS FURTHER ORDERED that, during the marketing of the Strait Lane Residence,

Carney will timely pay the ad valorem taxes, insurance, and all other necessary expenses associated with the property, and he will not encumber the residence; nor will he commit waste or vandalism against the property; and he will cooperate with the United States in the marketing and sale of the residence.

IT IS FURTHER ORDERED that the deed of trust lien held by the John Hatchett Carney Trust that encumbers the Strait Lane Residence shall be released by the Trust, and it shall not be paid out of the sale of the Strait Lane Residence.

IT IS FURTHER ORDERED that, if John Hatchett Carney violates any of the provisions of this Judgment regarding the marketing and sale of the Strait Lane Residence, then he will be required to vacate the Residence within 30 days of the United States' request for him to vacate the Residence, but in no event shall he be allowed to occupy the residence after June 1, 2015.

IT IS FURTHER ORDERED that the United States will apply the net sales proceeds from the sale of the Strait Lane Residence, after payment of reasonable costs of sale and any ad valorem taxes, to the federal tax liabilities of John Hatchett Carney reduced to judgment herein.

IT IS FURTHER ORDERED that the parties to this judgment will bear their own expenses, including attorneys' fees, associated with this litigation.

IT IS FURTHER ORDERED that the preliminary injunction entered by this Court on November 20, 2012 (Doc. #24) is hereby made final and permanent, and it permanently binds John Hatchett Carney to its provisions.

IT IS FURTHER ORDERED that the parties shall pay their own attorneys' fees and costs associated with this case.

IT IS FURTHER ORDERED that the Court may enter further orders as necessary to

Case 3:12-cv-03431-M   Document 84-1   Filed 03/04/15   Page 6 of 8   PageID 574

implement this judgment.

IT IS FURTHER ORDERED that the United States' claims against the Gryskas herein are dismissed with prejudice, and they are dismissed as parties to this case.

SIGNED this 5th day of March, 2015.

_____
HONORABLE BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM, SUBSTANCE AND ENTRY:


/s/ Ramona S. Notinger
RAMONA S. NOTINGER
CURTIS C. SMITH
ATTORNEYS FOR UNITED STATES OF AMERICA


/s/ William Ravkind
WILLIAM RAVKIND
ATTORNEY FOR JOHN HATCHETT CARNEY,
INDIVIDUALLY AND DOING BUSINESS AS
JOHN H. CARNEY & ASSOCIATES


/s/ John Hatchett Carney
JOHN HATCHETT CARNEY, INDIVIDUALLY AND
DOING BUSINESS AS JOHN H. CARNEY & ASSOCIATES


/s/ Michael Villa
MICHAEL VILLA, ATTORNEY FOR NORMA L. CARNEY,
AS TRUSTEE OF THE HATCHETT TRUST, THE JOHN
HATCHETT CARNEY TRUST, AND THE JOHN HENRY
CARNEY LIVING TRUST


/s/  Norma L. Carney
NORMA L. CARNEY, AS TRUSTEE OF THE HATCHETT
TRUST, THE JOHN HATCHETT CARNEY TRUST, AND
THE JOHN HENRY CARNEY LIVING TRUST


/s/  Dean A. Hrbacek
DEAN A. HRBACEK, ATTORNEY FOR PETER HATCHETT GRYSKA, PAUL
VONRYLL GRYSKA, JOHN SCOTT GRYSKA AND ALEXANDER GRYSKA

Case 3:12-cv-03431-M   Document 84-1   Filed 03/04/15   Page 8 of 8   PageID 576